## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| ORION IP, LLC, a Delaware Limited Liability Corporation | § § § | |
| Plaintiff | § § | |
| | § | CIVIL ACTION NO. 6:05-CV-322 |
| VS. | § § | JURY DEMANDED |
| | § | |
| MERCEDES-BENZ USA LLC, et al. | § § | |
| Defendants | § | |

## DEFENDANTS ROLLS-ROYCE NORTH AMERICA, INC., AND ROLLS-ROYCE, PLC'S MOTION FOR DISCOVERY PROTECTIVE ORDER

COME NOW Defendants Rolls-Royce North America, Inc. ("RRNA") and Rolls-Royce plc ("RR plc"), and file this Motion for Discovery Protective Order, and would show as follows:

### Summary of the Argument

1.      This motion is a companion motion to Defendants Roll-Royce North America, Inc., and Rolls-Royce plc's Motion to Sever and Consolidate, which was filed May 2, 2006. [Docket No. 216]. For sake of brevity, that motion is incorporated by reference. The crux of the problem is the fact that Orion IP, LLC ("Orion"), delayed until after the Scheduling Conference on March 7, 2006, to amend its complaint to: (i) add RR plc as a party, and (ii) add entirely new claims against RRNA. Orion's original allegations against RRNA were based on a Rolls-Royce motorcars website, a luxury automobile manufacturer with limited sales in the United States. The recent allegations against RRNA and RR plc are based upon the RR plc website. By this motion, RRNA and RR plc request this Court to grant the following relief:

    i)        Enter a protective order to stay discovery deadlines in this case as to RRNA and RR plc, pending a ruling on the Motion to Sever and Consolidate. In the event the Court grants that motion, the discovery would be governed by the scheduling orders to be entered in the Samsung Suit, i.e. *Orion IP, LLC v. Samsung Electronics America, Inc. et al.* [Case

No. 2:06-cv-00109-LED], and discovery issues in this case would be moot.

ii)    In the alternative, and in the event the Court does not grant the relief requested in the Motion to Sever and Consolidate, then RRNA and RR plc would request the Court enter new scheduling orders consistent with any scheduling orders to be entered in the Samsung Suit, Civil Action No. 2:02-cv-00109-LED, filed on March 22, 2006, or in the alternative, RRNA and RR plc would request that new scheduling orders be entered in this case which would allow them an adequate opportunity to respond to discovery and to prepare their defense.

## **Argument and Authorities**

2.    This case was filed on August 5, 2005, against 19 defendants. The original defendants, with the exception of RRNA, are in the automotive business. RRNA is not in the automotive business. Counsel for RRNA promptly advised Orion's counsel in writing the www.rolls-roycemotorcars.com website referenced in Orion's Complaint did not belong to RRNA, and provided Orion's counsel with a supporting affidavit to that effect. On information, all but one of the automotive defendants have already settled.

3.    On March 7, 2006, the Court held a Scheduling Conference in this case. On March 8, 2006, a Discovery Order and a Docket Control Order were entered. On March 10, 2006, three days after the Scheduling Conference, Orion filed its First Amended Complaint for Patent Infringement. The First Amended Complaint, in addition to deleting claims against settling defendants, provided a new website as forming the basis of the complaints against RRNA. Orion's First Amended Complaint deleted the reference to www.rolls-roycemotorcars.com, and instead substituted in its place for the first time the reference to www.rolls-royce.com/northamerica. In response to this new allegation, RRNA's counsel sent a letter dated March 21, 2006, to Orion's counsel advising, inter alia, that RR plc, not RRNA, was responsible for the www.rolls-royce.com/northamerica website. On March 21, 2006, the last day for Orion to add parties without leave of Court pursuant to the Docket Control Order of March 8, 2006, Orion's Second Amended Complaint for Patent Infringement was filed. The Second

**Defendants Rolls-Royce North America, Inc., and Rolls-Royce, plc's
Motion for Discovery Protective Order**

Amended Complaint adds RR plc as a defendant, and references a new website, www.rolls-royce.com, as the offending website in regards to claims against RR plc.

4.      The new allegations entirely change the nature and character of the claims against RRNA and RR plc.  The original claims were based on a Rolls-Royce motorcars website, a luxury automobile manufacturer with limited sales in the United States.  The recent allegations against RRNA and RR plc are based upon the RR plc website, and arguably implicate the significant jet and marine engine business.  As this Court noted in *American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F.Supp.2d 558, the "Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclosure their preliminary infringement contentions before discovery has even begun."  Further, as this Court noted in its "Memorandum Order and Opinion" in *Orion IP, LLC v. Staples, Inc. et al.*, Case No. 2:04-cv-297, [Docket No. 316], **"Before bringing suit, plaintiffs are expected to rigorously analyze all publicly available information,** and early in the case plaintiffs must explain their infringement theories in detail." (emphasis added).  The newly added www.rolls-royce.com/northamerica and www.rolls-royce.com are public sites.  RRNA and RR plc respectfully submit the allegations in Orion's Original Complaint based upon the motorcars website do not give the fair notice of Orion's intent to bring claims based upon RRNA and RR plc own websites as required by Fed. R. Civ. Proc. 8.

5.      In contrast to the other original 19 defendants, who have had notice of the factual basis of the claims against them since August 2005, RRNA and RR plc have had slightly over one month to evaluate the claims now brought against them and to prepare for their defense. This is a complex patent case.  This Court is well-aware of the nature of this case by virtue of its involvement in previous cases filed by Orion.  *See, e.g.,* "Memorandum Opinion" construing terms in the 672 patent and the 342 patent in *Orion IP, LLC v. Staples Inc. et al.* [Case No. 2:04-cv-297, Docket No. 307].  RR plc and RRNA have not had an adequate opportunity to prepare

for these important deadlines, based on the new allegations raised by Orion's Amended Complaint. RRNA and RR plc will be prejudiced by having to adhere to the scheduling and discovery requirements presently in effect. A further example of the prejudice that results from having to adhere to the scheduling requirements in the this case is RR plc is required to file a counterclaim 45 days after being named as a party.

6.      Orion will not be prejudiced by the relief requested in this motion. The Samsung Suit was filed on March 22, 2006, one day after Orion amended its complaint in this case to add RR plc as a new party. Further, Orion will in no way be prejudiced by the relief requested because Orion's intent to proceed with additional patent litigation is evidenced by the filing of two additional patent cases in the Eastern District of Texas in March 2006 against: (i) 17 new defendants in *Orion IP, LLC v. Nike, Inc. et al.*, [Case No. 2:06-cv-00102-TJW], and (ii) 15 new defendants in the Samsung Suit.

7.      RRNA and RR plc will be prejudiced by having to adhere to the scheduling requirements in this case. The scheduling requirements during May and June 2006 include: providing initial disclosures, compliance with Patent Rules 3-3, 4-1, and 4-2, filing of amended pleadings, and designation of a technical advisor. For example, the P.R. 3.3 Preliminary Invalidity Contentions are due May 5, 2006, only 35 days after RR plc was served in the U.K., and only 56 days after RRNA was placed on notice of new infringement charges based upon a different website. RRNA and RR plc will be prejudiced by having to respond. RRNA and RR plc will also be prejudiced by having to respond to any other discovery, such as interrogatories and disclosures, given the short period of time that has elapsed. Orion has also served interrogatories on RRNA which require extensive information be provided.

8.      RRNA and RR plc do not seek to avoid legitimate and proper discovery in this case. On March 21, 2006, RRNA offered to provide Orion with the opportunity to inspect its servers in Chantilly, Virginia. Orion agreed with RRNA's suggestion that an initial telephone

conference prior to the inspection might serve to reduce expenses. RRNA made its technical representatives available on April 21, 2006, and has provided Orion's counsel with information requested as a result of the conference. RR plc offered to make its relevant systems available for inspection in the U.K. on May 8 and May 9, 2006.

9.    The district court has the power to govern and regulate discovery under Fed. R. Civ. Proc. 26. *Seattle Times Company v. Rineheart*, 467 U.S. 20, 104 S.Ct. 2199 (1984). Counsel have attempted to resolve this motion without the necessity of Court intervention. While counsel for Orion has offered to extend deadlines in this case, the time periods discussed are not adequate.

### Relief Requested

10.    RRNA and RR plc request the following relief:

 i) The Court enter a protective order to stay discovery deadlines in this case as to RRNA and RR plc, pending a ruling on the Motion to Sever and Consolidate. (In the event the Court grants that motion, the discovery would be governed by the scheduling orders to be entered in the Samsung Suit, and discovery issues in this case would be moot).

 ii) In the alternative, and in the event the Court does not grant the relief requested in the Motion to Sever and Consolidate, RRNA and RR plc would request the Court enter new scheduling orders consistent with any scheduling orders to be entered in the Samsung Suit, Civil Action No. 2:02cv-00109-LED, filed on March 22, 2006, or in the alternative, RRNA and RR plc would request that new scheduling orders be entered in this case which would allow them an adequate opportunity to respond to discovery and to prepare their defense.

 iii) That RRNA and RR plc receive such additional relief to which they may be entitled.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:    /s/ David Lee Crawford
    David Lee Crawford
    Texas Bar No. 05020100
    Federal Bar No. 5835
    700 Louisiana, Suite 2600
    Houston, Texas 77002
    Telephone: (713) 626-1386
    Telecopier: (713) 626-1388

**ATTORNEYS FOR DEFENDANT ROLLS-ROYCE, PLC**


**BUDD LARNER, P.C.**


BY:    /s/ Peter John Frazza
    Peter John Frazza
    New Jersey State Bar No. 022501981
    150 John F. Kennedy Parkway
    Short Hills, NJ 07078-2703
    Telephone: (973) 315-4406
    Telecopier: (973) 379-7734

**ATTORNEYS FOR DEFENDANT ROLLS-ROYCE, PLC**


## CERTIFICATE OF CONFERENCE

I have conferred with counsel for Orion about this motion.  This motion is opposed.


/s/ David Lee Crawford
DAVID LEE CRAWFORD

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served this ____day of May, 2006 with a copy of the DEFENDANTS ROLLS-ROYCE NORTH AMERICA, INC. AND ROLLS-ROYCE PLC'S MOTION FOR DISCOVERY PROTECTIVE ORDER, via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on the same date.


/s/ David Lee Crawford___
DAVID LEE CRAWFORD