**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ORION IP, LLC, | § § | |
| *Plaintiff,* | § § | Civil Action No. 6:05-cv-322-LED |
| v. | § § | **Jury Demanded** |
| MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Corporation, et al. | § § § § § | |
| *Defendants.* | § § | |

**ORION IP, LLC'S SUR REPLY TO ROLLS-ROYCE NORTH AMERICA, INC.'S
MOTION FOR JUDGMENT PURSUANT TO RULE 12(C)**

1

### I. **Orion Has Properly Pled That RRNA Directly and Indirectly Performs the Methods of the Patents in Suit**

Orion's Complaint specifically alleges that RRNA infringes the patents in suit at least through use of websites including www.rolls-royce.com/northamerica ("RRNA Website") as well as through "making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems and inventory systems." The latter includes internal, non-public systems. RRNA, through its interrogatory responses, has admitted that it uses an internal, non-public "proposal ordering" system called Aeromanager which retains a list of "all parts that can be ordered by a customer, so Aeromanager holds a copy of the New Parts catalogue." Exh. F to Orion's Response. [1]

The basic premise behind RRNA's Motion is that it is not liable for infringement because it allegedly does not own or control the accused RRNA Website. In fact, RRNA has challenged the sufficiency of Orion's pleading by filing a Declaration that says RRNA does not own or control the RRNA Website.[2] RRNA's assertions regarding ownership and control are a "red herring" -- they are simply **irrelevant** to Orion's claims of infringement against RRNA in this case.[3,4] That Declaration **does not address** whether RRNA "**uses**" the RRNA Website (although

---

[1] Moreover, Orion's PICs complied with and fully satisfied the requirements of the Patent Rules and this Court's interpretation of those rules setting forth Orion's particular theories of infringement with the required specificity to provide RRNA with notice of infringement with respect to the entire RRNA Website. It is undisputed that RRNA products are depicted on the accused RRNA Website. The accused RRNA Website incorporates this information and these images related to RRNA's products, parts and services into the proposal functionality taught by each of the patents in suit. RRNA would have the Court believe that these products miraculously appear on the RRNA website to the benefit of RRNA and that RRNA has no knowledge whatsoever of how these products appear on the RRNA Website. This explanation is not plausible.

[2] In its Response, Orion provided an RRNA press release containing quotes from RRNA's President regarding the RRNA Website that specifically refutes the sole factual support that RRNA attempts to rely on to show that it does not own or control the RRNA Website. See pp. 10-11 of Orion's Response and Exhibit H thereto..

[3] The Patent Statute states "whoever without authority makes, uses, sells or offers to sell any patented invention … infringes the patent". 35 U.S.C.§ 271(a). Note that the Patent Statute does **not say anything** about ownership, operation or control when it comes to defining the acts that constitute infringement. The Patent Statute goes on to

RRNA goes so far as to put forth unsupported argument on that point in its Reply at page 2). More notably, RRNA did not address whether its customers **use** the RRNA website, whether RRNA encouraged its customers to **use** the RRNA Website. Additionally, RRNA completely ignored its non-public systems, such as Aeromanager, a system that RRNA **concedes** contains a parts catalogue that its customers **use** to order parts. RRNA's Motion provided no explanation as to why Orion should not be permitted to prove its theories on any of these points which were clearly covered by Orion's Complaint.

Orion's PIC's demonstrate that RRNA performs the method steps recited in the claims of the patents in suit. RRNA has admitted that "digital reproductions" of RRNA products and "graphical presentations" of RRNA products are featured on the RRNA Website. RRNA has publicly embraced the accused RRNA Website. In fact, *RRNA issued a press release announcing its new website* – the very website Orion has accused of infringing the patents in suit. See Exhibit H to Orion's Response. Contrary to what RRNA may attempt to claim in its Motion, its statements to the public and to this Court belie the argument that RRNA has nothing to do with, nor has any control over, the content on the RRNA Website. These examples alone demonstrate that even the single alleged "fact" that is the basis for RRNA's Motion is incorrect, or at least disputed by, RRNA's own contemporaneous statements.

---

say that "whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C.§ 271(b). Orion's Complaint clearly alleges that RRNA has committed acts that constitute direct infringement and inducement of infringement of the patents in suit by virtue of performing the claimed methods of the patents in suit and/or inducing others to perform the claimed methods.

[4] RRNA's attempt to distinguish *Armstrong v. Motorola*, 374 F. 2d 764 (7th Cir. 1967) is flawed. The court in *Armstrong* clearly held that Motorola was libel for infringing a method claim even though it did not own the instrumentality that enabled it to perform the claimed method. As succinctly stated by the court, "Section 271(a) of the Patent Act **does not require ownership of the system before infringement can occur**. The test under the Act is whether there has been **use** of the system. As shown, such use occurred when Motorola tested these receivers." *Armstrong,* 374 F2d at 773 (emphasis added).

## II. RRNA's Request to Strike Orion's Claim for Inducing Infringement as to the Specifically Accused RRNA Website Should be Denied.

Orion's Complaint specifically plead inducement of infringement with respect to the accused RRNA website. However, RRNA attacks Orions PICs and argues, amazingly, that Orion should not be able to produce evidence of inducement because Orion did not demonstrate RRNA's intent in its PICs .[5] First, it is not Orion's PICs that are at issue in a Rule 12c Motion, only Orion's Complaint. Second, it is ludicrous to assume that Orion could prove RRNA's intent with respect to anything without documents or evidence from RRNA -- evidence that Orion did not have when it produced its PICs and has been unable to obtain due to RRNA's refusal to produce any documents or knowledgeable witnesses. RRNA should not be allowed to benefit from effectively hide the ball regarding such evidence.

Orion's PICs expressly accuse the RRNA website of "literally infring[ing] the claimed inventions identified in this document and that infringement is direct and/or by way of inducing infringement of such claims." [6] Finally, RRNA's attempt to dismiss Orion's inducement claim is contrary to the precedent of this Court.[7] Orion's Complaint and its PICs expressly put RRNA on notice of Orion's inducement claims and thus RRNA's attempts to preclude Orion's inducement claims should be denied.

---

[5] RRNA improperly defines what intent must be shown as well. As to inducement, Orion must prove at trial that RRNA induced the acts that constitute infringement -- no other proof is required. See, e.g., *Moba v. Diamond Automation*, 325 F. 3d 1306, 1318 (Fed. Cir. 2003) ("the only intent required of [the defendant] is the intent to cause the acts that constitute infringement.); See also *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1468-69 (Fed. Cir. 1990).

[6] While discovery in this case is ongoing, Orion's experts have identified various examples of RRNA's indirect infringement. For example, the accused RRNA Website offers the ability to generate printed versions of the proposals which is a classic example of indirect infringement and meets Claim 5 of the '627 Patent. Further, given the public statements by RRNA's executives and its own press release touting the roll out of the accused website, RRNA clearly induces its customers to use the website in a manner that infringes the method claims of the patents in suit.

[7] See e.g., this Court's Memorandum and Opinion in the related *Orion v. Staples, et al* (No. 2:04-cv-00297) filed January 9, 2006 relative to defendant Home Depot's Motion to Enforce Compliance with P.R. 3-7.

### III. Orion Should be Entitled to Take Discovery of RRNA's Internal Systems

RRNA's Reply Brief concludes that Orion should be precluded from taking any discovery of RRNA's **internal, non-public** Aeromanager System. This conclusion is amazing in light of the fact that RRNA itself has identified Aeromanager as a "proposal ordering system" in response to Orion's interrogatory seeking identification of RRNA systems covered by the patents in suit.[8] When Orion served its PICs, it had not inspected any internal, non-public sites used by RRNA to determine if such systems infringed the patents in suit and thus was unable to accuse Aeromanager – or any other RRNA internal, non-public system.[9] RRNA has refused to permit Orion to inspect the internal, non-public Aeromanager "proposal ordering system" that RRNA admits that it and its customers use.[10] In fact, RRNA **has not produced any discovery** relative to Aeromanager – including the materials cited by its own 30(b)(6) witness. RRNA has, to date, effectively denied Orion any opportunity to inspect or take any discovery on the internal, non-public Aeromanager proposal ordering system.[11] RRNA's request to deny Orion any discovery of or right to accuse its Aeromanger and other non-public internal parts ordering systems should be denied.

---

[8] In response to Orion's interrogatories, RRNA stated that it uses the "Aeromanager" system to retain a list of "all parts that can be ordered by a customer, so it holds a copy of the New Parts catalogue" and to order parts and RRNA identified Aeromanager as a "proposal ordering system" used by RRNA. Exhibit F, Res. to Interrogatory No. 1.

[9] RRNA's position is contrary to Patent Rule 3-7 which contemplates a Plaintiff amending its P.R. 3-1 contentions upon a showing of good cause which would include claims against systems unavailable to a Plaintiff outside of discovery.

[10] See Exhibit F to Orion's Reply Brief and Statement by RRNA Counsel during Orion's attempted inspection on July 20, 2006, Pg 6-7, and Pg. 14 Exhibit B

[11] After reviewing Orion's Response to RRNA's present Motion, RRNA finally conceded (on August 1) that it had a witness who could testify on the functionality of the Aeromanager system and offered to permit Orion to inspect the same during the week of August 27th. However, RRNA has not, to date, offered an inspection of another system its 30b6 witness, Ms. Galloway, identified as being used by customers to order parts -- the Spec 2000 system. Ms. Galloway even testified that she had a Spec 2000 manual in her office that Orion has since requested to no avail from RRNA. Exhibits L and M, attached.

5

### IV. Orion's Claims Against Rolls-Royce PLC are Separate From Orion's Claims Against RRNA

Orion's claim is not, as RRNA asserts, that RRNA's "parent company depicts Rolls-Royce North America's products and parts on its website." Rather, Orion's Complaint specifically states that RRNA directly and indirectly practices the methods claimed by the patents in suit. Orion agrees with RRNA's assertion that the "general rule is that parent companies and their subsidiaries are separate corporate structures and one will not be liable for the acts of the other." In this case Orion's claims are against RRNA and not its parent. This Court should not allow RRNA to blur the lines between Orion's claims against RRNA and Orion's separate claims against Rolls-Royce PLC. Orion will address Rolls-Royce PLC's liability in the proper case at the proper time.

### V. This Court Should Not Reward RRNA for Its Actions in this Litigation

RRNA has ignored this Court's Docket Control and Discovery Orders in favor of "delay and deny" tactics. RRNA has not provided Orion with any discovery on the RRNA Website and 32 screenshots related to RRNA's internal, non-public proposal systems, including Aeromanager – which RRNA refuses to permit Orion to inspect. RRNA's strategy has been to simply ignore Orion's claims. This Court should not validate RRNA's strategy.

### Conclusion

For the reasons set forth above, Orion respectfully requests that this Court deny Defendant Rolls-Royce North America, Inc.'s Motion for Judgment Pursuant to Rule 12(c), and allow this case to proceed on its merits.

DATED: August 10, 2006                    Respectfully submitted,

                                                                   /s/ J. Mike Amerson

Danny L. Williams, Lead Counsel
TX State Bar No. 21518050
J. Mike Amerson
TX State Bar No. 01150025
James A. Jorgensen
TX State Bar No. 00794060
**WILLIAMS, MORGAN & AMERSON, P.C.**
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-7000
Facsimile: (713) 934-7011
E-mail: danny@wma.law.com
E-mail: mike@wma.law.com
E-mail: jjorgensen@wma.law.com

Russell T. Wong
TX State Bar No. 21884235
Keith A. Rutherford
TX State Bar No. 17452000
**WONG, CABELLO, LUTSCH, RUTHERFORD
& BRUCCULERI, LLP**
20333 SH 249, Suite 600
Houston, TX 77070
Telephone: (832) 446-2400
Facsimile: (832) 446-2424
Email: rwong@counselip.com
Email: krutherford@counselip.com

David M. Pridham
R.I. State Bar No. 6625
**INTELLECTUAL PROPERTY
NAVIGATION GROUP, LLC**
207 C North Washington Avenue
Marshall, Texas 75670
Telephone: (903) 938-7400
Facsimile: (903) 938-7404
E-mail: david@ipnav.com

**ATTORNEYS FOR ORION IP, LLC**

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that Orion IP, LLC's Sur-Reply to Defendant Rolls-Royce North America, Inc.'s Motion for Judgment Pursuant to Rule 12(c) was filed electronically in compliance with Local Rule CV-5(a) today, August 10, 2006. As such, this notice was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, August 10, 2006.

                                                       /s/ J. Mike Amerson