IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ORION IP, LLC §<br>§<br>  Plaintiff §<br>§<br>vs. §<br>§<br>MERCEDES-BENZ USA, LLC, ET AL. §<br>§<br>  Defendants §  | CASE NO.  6:05 CV 322 |

**MEMORANDUM OPINION AND ORDER**

At the pretrial hearing, the Court denied Hyundai's motion in limine no. 2 to preclude Orion from mentioning or introducing evidence concerning the PTO's decision to change the '627 patents' parent's filing date.  The issue of the correct filing date was also raised in Hyundai's motion for summary judgment, which the Court denied without an opinion.

Hyundai contends that the '627 patent's commercial embodiment, CASS Parts, was publically used and on sale on November 10, 1988 at a Parts Fair in New Orleans, Louisiana.  Under 35 U.S.C. § 102(b), a patent is invalid if "the invention was . . . in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." Thus, there is a one year grace period from when a public use or sale occurs to when the patent application must be filed.  If CASS Parts was an embodiment of the '627 patent and was on sale or in public use on November 10, 1988, then the grace period expired on November 10, 1989 and the inventor needed to file the '627 patent's parent application by that date.

On Friday, November 10, 1989, the inventor sent the parent application of the '627 patent to the Patent and Trademark Office ("PTO") by Express Mail.  The PTO received the application on Monday, November 13, 1989 and gave the application a November 13 filing date.  On February

22, 2007, the PTO granted a petition to accord the parent application a November 10, 1989 filing date. Since the '627 patent is a continuation of the parent application, it is entitled to the same filing date.

Orion contends the Court should recognize November 10, 1989 as the filing date since the PTO has now affirmed that the parent application was entitled to the November 10 filing date. Hyundai argues that Orion is bound to the filing date on the face of the patent since a certificate of correction issued by the PTO is only applicable to cases filed after the certificate issues. *See Southwest Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280, 1293–97 (Fed. Cir. 2000). Orion contends that the Court can correct unambiguous errors in the patent and thus the Court could correct the date even without the PTO's recent action. *See Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348 (Fed. Cir. 2003).

Orion also argues that under *Ex parte Olah and Kuhn*, the inventor had until November 13, 1989 to submit the application to the PTO because Friday, November 10, 1989 was a federal holiday. *See Ex parte Olah and Kuhn*, 131 U.S.P.Q. 41 (B.P.A.I. 1960). In *Olah*, the Patent Office Board of Appeals interpreted 35 U.S.C. § 21, which read:[1]

> When the day, or the last day, for taking any action or paying any fee in the United States Patent Office falls on Saturday, Sunday, or a holiday within the District of Columbia, the action may be taken, or the fee paid, on the next succeeding secular or business day.

---

[1] In 1989, 35 U.S.C. § 21(b) was nearly identical. With italics indicating additions to the text from the version construed in *Olah*, it read:

> When the day, or the last day, for taking any action or paying any fee in the United States Patent *and Trademark* Office falls on Saturday, Sunday, or a *federal* holiday within the District of Columbia, the action may be taken, or the fee paid, on the next succeeding secular or business day.

*Olah* held that 35 U.S.C. § 21 applied to the one year grace period of the public use and on-sale bars of 35 U.S.C. § 102(b). In *Olah*, a magazine article written by the applicants about their invention was published on December 15, 1956. The patent application was filed on December 16, 1957, one year and a day later. The examiner refused to issue a patent because the invention had been described in a publication more than one year before the application date and thus the application was barred under 35 U.S.C. § 102(b). The applicant argued that since December 15, 1957 was a Sunday, he was permitted to file the application on the following Monday under 35 U.S.C. § 21. The Board of Appeals agreed and reversed the examiner's decision not to allow the patent.

Hyundai responds that the Regulation governing filing by Express Mail that was in effect in 1989 overruled the *Olah* decision. The relevant Regulation in effect when the parent application was filed stated:

> Any paper or fee to be filed in the Patent and Trademark Office can be filed utilizing the "Express Mail Post Office to Addressee" service of the United States Postal Service and be considered as having been filed in the Office on the date the paper or fee is shown to have been deposited as "Express Mail" with the United States Postal Service unless the date of deposit is a Saturday, Sunday, or federal holiday within the District of Columbia.

37 C.F.R. § 1.10(a).

The Regulation Hyundai relies on does not overrule or even contradict *Olah*. The Board in *Olah* did not change the application date to a date prohibited in the Regulation, but instead held that when the one-year grace period of 35 U.S.C. § 102(b) would otherwise expire on a Saturday, Sunday, or holiday, the grace period is extended until the next business day. The Court is not aware of any authority that contradicts, overrules, or abrogates the decision in *Olah*. *See* 35 U.S.C. § 21 (2007) (current version identical to 1989 version); *Wingrove v. Langen*, 230 U.S.P.Q. 353 (B.P.A.I.. 1985)

3

(applying 35 U.S.C. § 21 to application and affording it the benefit of a related foreign application pursuant to 35 U.S.C. § 119); *Protein Foundation, Inc. v. Brenner*, 206 F. Supp. 519 (D.D.C. 1966) (applying 35 U.S.C. § 21 as an alternate basis for its holding); 2-6 Chisum on Patents § 6.02; 4A-14 Chisum on Patents § 14.03 n.3, 6; M.P.E.P. § 2133 (current) (citing to *Olah*).

November 10, 1989 was Veterans' Day—a federal holiday, which fell on a Friday. Therefore, under 35 U.S.C. § 21, the grace period that began November 10, 1988 extended until Monday, November 13, 1989. Accordingly, regardless of whether the application is deemed filed on November 10 or November 13, 1989, events occurring on November 10, 1988 will not invalidate the patent as those events occurred during the one-year grace period of 35 U.S.C. § 102(b). Therefore, since the jury will be instructed that the critical date is November 10, 1988, the Court does not need to determine whether the corrected filing date of the parent application should be applicable to this case.

**So ORDERED and SIGNED this 2nd day of May, 2007.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**