IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ORION IP, LLC, | § | |
| a Delaware Limited Liability Corporation, | § | |
|     Plaintiff, | § | Civil Action No. 6:05-CV322-LED |
| | § | |
| v. | § | |
| | § | |
| MERCEDES-BENZ USA, LLC, | § | JURY DEMANDED |
| a Delaware Limited Liability Corporation, et al., | § | |
|     Defendants. | § | |

**DEFENDANT HYUNDAI MOTOR AMERICA'S RESPONSE
TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Orion's "Notice of Supplemental Authority" presents no authority, and the three news articles it attaches do not undermine Hyundai's demonstration of its ability to easily satisfy the judgment. *Enersch Corp. Shand Morahan and Co.*, 918 F.2d 462, 464 (5th Cir. 1990). Hyundai's motion to stay execution of the judgment pending resolution of its post-judgment motions and (if necessary) its appeal should be granted, without any requirement for a bond or other unnecessary security.

**ARGUMENT**

In its initial motion and reply, Hyundai demonstrated that it should not be required to post any supersedeas bond to secure Orion's judgment, for three reasons: first, that Hyundai's assets substantially exceed its liabilities; second, that Hyundai's cash flow is easily adequate to generate the funds needed to satisfy the judgment; and third, that Hyundai's senior management has no knowledge of any pending events that would alter its ability to satisfy the judgment. *See* Hyundai's Reply In Support Of Hyundai's Emergency Motion To Stay Execution Of The Judgment, filed April 30, 2008, at 2-4.

Orion's "Notice of Supplemental Authority" undermines none of those reasons. None of the press releases or news articles it cites casts any doubt upon Hyundai's net worth (i.e., the amount by which its assets exceed its liabilities). Nor do any of them suggest that Hyundai's cash flow has fallen below a level sufficient to easily satisfy the judgment out of current cash flows. Nor does Orion challenge the sworn statement of Jerry Flannery, Hyundai's Executive Vice President and Corporate Secretary, affirming that Hyundai has no knowledge of any pending events that would undermine its ability to satisfy the judgment—a statement that remains undisputed. In short, nothing in Orion's Notice suggests any diminution in Hyundai's ability to satisfy the judgment.

Rather than challenge Hyundai's demonstration of its financial strength, Orion offers up a series of alarmist statements and *non sequiturs* that either do not relate to Hyundai at all or recite financial data that reflect no change in Hyundai's ability to satisfy the judgment..

Orion's first "supplemental authority" is a news article discussing the financial difficulties of General Motors, Ford, and Chrysler. It does not even refer to Hyundai. *See* Notice at 2 and Ex. 1. The well-publicized struggles of the "Big 3" are irrelevant to Hyundai's financial standing. *See, e.g., Wall Street Journal*, "America's Two Auto Industries," Nov. 10, 2008 (Exhibit A) (observing that domestic automakers face a host of severe financial challenges that international automakers do not).

Orion's other two non-authorities are a *Wall Street Journal* article describing a decline in the profits of Hyundai's Korean parent company and a blog post describing a decline in Hyundai's U.S. sales. Notice at 2 and Ex. 2, 3. Neither article indicates any reduction in Hyundai's financial health. The Wall Street Journal article notes that a 38% decline in third-quarter profits at Hyundai's parent company was due, not to any factor related to the U.S.

2

financial crisis, but to warranty payouts and labor strikes.  *Wall Street Journal*, "Strikes Help Drive Down Hyundai Profit," Oct. 24, 2008 (Notice Ex. 2.)  The article goes on to note that the company *will meet* its 2008 targets for both sales and operating profit margin.  *Id*.  Nothing in the article suggests any reduction in Hyundai's overall financial strength.  In fact, on November 7, 2008, an automotive industry publication reported that worldwide Hyundai sales in October 2008 were the highest in the company's history.  *See* MotorReport.com, "2008 October Sales Best Ever For Hyundai Motor Company," Nov. 7, 2008 (Ex. B).

The "Hyundai Blog" post, meanwhile, notes only a *one-month* decline in Hyundai's U.S. car sales.  *See* Notice Ex. 3.  The *annual* decline in sales is substantially more modest: sales are down about 8% from 2007.  *See* USA Today, "Lifestyles of the rich and frugal, starring Hyundai," Nov. 14, 2008 (Ex. C).  But Hyundai's sales decline is among the lowest in the industry, and its market share has actually *grown* in that period.  *Id*.  Even if that were not so, a minor sales decline in difficult economic times is to be expected during a recession; such a decline does not, of itself, suggest financial weakness.  To illustrate the point: if Hyundai had attempted to demonstrate its financial strength by pointing to a monthly sales *increase*, we suspect that Orion would not have found that information sufficiently probative of Hyundai's ability to pay.  A short-term sales decrease is no more probative of that ability.

In fact, nothing in Orion's Notice suggests financial weakness.  Orion's "evidence" does not even purport to show that Hyundai faces any significant financial difficulty.  The grounds for Hyundai's motion to waive any bond requirement—a high net worth, substantial cash flows, and the absence of any reason to believe that its financial situation will materially change—remain intact.  A bond is not necessary to secure Orion's interest in the judgment, and Hyundai should not be required to post one.

3

For the reasons given herein and in Hyundai's initial motion and subsequent submissions, Hyundai respectfully requests that this Court grant its motion to stay execution of the judgment pending resolution of post-judgment motions and, if necessary, appeal, without any requirement for a bond or other security.

**Dated November 20, 2008**

               **RESPECTFULLY SUBMITTED**,

               POTTER MINTON, P.C..

               /s/ Douglas R. McSwane, Jr.

                 A.M. (Russ) Meyer, Jr.
                 TX State Bar No. 13998700
                 rmeyer@jw.com
                 Robert P. Latham
                 TX State Bar No. 11975500
                 blatham@jw.com
                 Christopher J. Rourk
                 TX State Bar No. 00795626
                 crourk@jw.com
                 John M. Jackson
                 TX State Bar No. 24002340
                 jjackson@jw.com
                 901 Main Street, Suite 6000
                 Dallas, Texas 75202
                 Telephone: 214.953.6134
                 Facsimile: 214.953.6613

                 Douglas R. McSwane, Jr.
                 TX State Bar No. 13861300
                 dougmcswane@potterminton.com
                 POTTER MINTON
                 A Professional Corporation
                 110 N. College, Suite 500
                 Tyler, Texas 75702
                 Telephone: 903.597.8311
                 Facsimile: 903.593.0846

Gene C. Schaerr
DC Bar No. 416368
gschaerr@winston.com
Geoffrey P. Eaton
NY State Bar No. 3000841
geaton@winston.com
WINSTON & STRAWN, LLP
1700 K Street NW
Washington, DC 20006
Telephone: 202.282.5000
Facsimile: 202.282.5100

**ATTORNEYS FOR DEFENDANT
HYUNDAI MOTOR AMERICA**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 20, 2008. Any other counsel of record will be served by first class mail.

/s/ Douglas R. McSwane., Jr.
Douglas R. McSwane, Jr.