# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| ORION IP, LLC | § | |
| Plaintiff | § | |
| vs. | § | CASE NO. 6:05 CV 322 |
| MERCEDES-BENZ USA, LLC, ET AL. | § | |
| Defendants | § | |

## MEMORANDUM OPINION AND ORDER

Having considered the parties' written submissions, the Court **DENIES** Hyundai Motor America's ("Hyundai") Renewed Motion for Judgment as a Matter of Law (Docket No. 643), **DENIES** Hyundai's Motion for New Trial (Docket No. 644), **DENIES** Hyundai's Emergency Motion for a Temporary Stay of Execution and Emergency Motion to Stay Execution of the Judgment (Docket No. 645), **GRANTS** Hyundai's Motion for Leave to Supplement Its Reply Brief in Support of Its Motion for New Trial (Docket No. 673), and **DENIES** Hyundai's Conditional Motion to Stay Pending Patent Re-Examination (Docket No. 680).

## BACKGROUND

Orion brought suit against Hyundai, and several other defendants, alleging they infringed U.S. Patent Nos. 5,367,627 (the "'627 patent") and 5,615,342 (the "'342 patent"). The '627 patent generally describes a computerized system that assists a salesperson in training and with sales of parts corresponding to particularized products. The system includes a data storage device that stores graphic and textual information including specifications, features, and customer benefits. A display apparatus displays portions of this information. A part selection device electronically navigates through part-choice menus based on previously entered information. The invention is said to

eliminate the need for salespeople to use more cumbersome paper-based methods of determining the most appropriate part for a customer.

The '342 patent generally describes an electronic system for creating customized product proposals. The system queries a user to determine a customer's needs and interests and then uses stored pictures and text segments to create a customized proposal that appeals to the customer.

Orion settled with all other Defendants prior to trial. Hyundai alleged it did not infringe the patents and the patents were invalid. The parties tried the case to a jury, and the jury found Hyundai infringed the '627 patent, Hyundai's infringement of that patent was willful, the '627 patent was not invalid, and Hyundai did not infringe the '342 patent. The jury awarded Orion $34 million in damages for Hyundai's infringement of the '627 patent.

After considering the parties' oral and written arguments, the Court denied as moot Orion's motion for enhanced damages and denied the motion as to attorneys' fees, granted in part Orion's motion for prejudgment interest, denied Orion's motion for permanent injunction and granted Orion's alternative motion for post-verdict royalty, denied Hyundai's motion for remittitur, and denied Hyundai's motion for judgment on willfulness. Finally, the Court determined that Hyundai did not prove by clear and convincing evidence that the inventor committed inequitable conduct during prosecution of the '627 patent. After issuing its opinion on the parties' post-trial motions, the Court entered final judgment in this case. *See* Docket No. 642. Hyundai then filed the motions for judgment, new trial, and emergency stay of execution that are now before the Court. In accordance with the parties' agreement, the Court stayed execution on the final judgment until the Court resolved Hyundai's second round of post-trial motions for which the parties also agreed—with the Court's permission—to extend the briefing schedule. After the parties filed all of their briefing

on the motions, Hyundai filed a conditional motion to stay the case pending the Patent and Trademark's Office re-examination of the '627 patent. Hyundai's motion is conditioned on the Court's determination of Hyundai's other pending motions.

## Hyundai's Motion for Judgment as a Matter of Law

Judgment as a Matter of Law ("JMOL") with regard to a particular issue is warranted only when "there is no legally sufficient evidentiary basis for a reasonable jury to find for [the nonmoving] party on that issue." *Harris Corp. v. Ericsson, Inc.*, 417 F.3d 1241, 1248 (Fed. Cir. 2005)(citing Fed. R. Civ. P. 50(a)); *see Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005). A court reviews all the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party, however, a court may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). Hyundai moves for JMOL on grounds of both anticipation and obviousness. However, Hyundai must have properly preserved these issues for post-judgment adjudication for the Court to address them now.

A party may move for judgment as a matter of law any time before a case is submitted to a jury. FED. R. CIV. P. 50(a)(2). "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the Court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." FED. R. CIV. P. 50(b). After the entry of judgment, "the movant may file a renewed motion for judgment as a matter of law." *Id*. Thus, a Rule 50(b) motion made after judgment has been entered must be predicated on a Rule 50(a) motion made before the case is submitted to the jury. *Duro-Last, Inc. v. Custom Seal, Inc*., 321 F.3d 1098, 1108 ("[A] post-trial motion for JMOL can be granted only on grounds advanced in the pre-

verdict motion."). In fact, this Court has previously noted that the Federal Circuit has specifically retained the requirements of 50(a)(2) as a perquisite to a 50(b) post-judgment motion for JMOL in patent cases. *z4 Techs., Inc. v. Microsoft Corp.*, No. 6:06-CV-142, 2006 WL 2401099 at *3 n.2 (E.D. Tex. 2006) (Davis, J.). Otherwise, the complaints not raised prior to submission cannot be raised in a post-judgment JMOL. *See Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 308 F.3d 1167, 1188 (Fed. Cir. 2002) (reversing trial court's grant of new trial based on obviousness when only the issue of anticipation was raised in a pre-submission JMOL).

Before the case was submitted to the jury, Hyundai moved for JMOL: "Next we seek partial judgment as a matter of law based on prior art. And the Court has heard the testimony and the argument about that." Transcript May 25, 2007, 278:15–18. The Court denied the motion. *Id.* at 278:19. Federal Rule of Civil Procedure 50(a)(2) requires that JMOL sought before a case is submitted to the jury must "specify the judgment sought and the law and facts that entitle the movant to the judgment." This requirement mandates that the pre-submission JMOL be specific. *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 15558, 1566 n.6 (Fed. Cir. 1996); *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1582 (Fed. Cir. 1996); *DeCorte v. Jordan*, 497 F.3d 433, 438 (5th Cir. 2007). A liberal 50(a)(2) standard will only be applied when it is largely technical and no prejudice results from the application of that standard. *z4 Techs., Inc.*, 2006 WL 2401099 at *3 n.2. As obviousness and anticipation are "legally distinct and separate challenges to a patent's validity" requiring different elements of proof, they require separate pre-verdict JMOL's to preserve the issue post-verdict. *See Dura-Last, Inc.*, 321 F.3d at 1107, 1108. Hyundai's vague pre-submission motion, which failed to specify any legal basis, was not sufficiently specific to preserve either anticipation or obviousness for a post-judgment JMOL. *See Texas*

4

*Instruments Inc.*, 90 F.3d at 1566 n.6; *Hoechst Celanese Corp.*, 78 F.3d at 1582; *DeCorte*, 497 F.3d at 438. Hyundai waived these JMOL issues on anticipation and obviousness by failing to meet the Rule 50(a) specificity requirements. Accordingly, Hyundai's JMOL on anticipation and obviousness is denied.

However, even if the Court were to consider Hyundai's motion on the merits, Hyundai has not shown it is entitled to the relief it seeks. As to Hyundai's JMOL on anticipation, Hyundai contends the evidence presented at trial proved the '627 patent was anticipated by the IDB2000 system. At trial, both parties presented evidence as to whether the IDB2000 system generated a "proposal," which the Court construed as "information intended for conveyance to a potential customer." The jury weighed the evidence and found the IDB2000 did not anticipate the '627 patent. The Court will not reweigh the evidence, and the Court denies Hyundai's motion on this ground.

Even if the issue were properly before the Court, Hyundai has also not shown that it is entitled to a judgment that the '627 patent is obvious. During trial and in its closing arguments, Hyundai's contention was that the '627 patent was invalid as anticipated. It never raised obviousness in its closing arguments, only anticipation. The only reference to obviousness was brief testimony by its expert that:

> If the jury should find that there's a missing step in some of the prior art compared to the claims, I think it's for certain that someone of ordinary skill in the art would have been able to combine either from their own knowledge or from one of the other reference that I just suggested, the two other pieces of prior art, you can take parts from them to complete an embodiment and thereby also made obvious the claims of the '627.

Transcript May 24, 2007, 160:12–20. It is only now, in its post-judgment briefing, that Hyundai explains with any degree of specificity why it believes the '627 patent was obvious. Hyundai had

ample opportunity at trial to present specific evidence and arguments as to why the '627 patent was invalid as obvious. It did neither. The jury heard the minimal evidence reference above and found against Hyundai on that issue. The Court will not reweigh the evidence that the jury considered, and the Court denies Hyundai's motion on this ground.

The Court has already addressed and rejected Hyundai's last two grounds for judgment as a matter of law it its previous opinion. Accordingly, the Court denies Hyundai's motion on these grounds.

## Hyundai's Motion for New Trial

Under Federal Rule of Civil Procedure 59(a), a new trial can be granted to any party to a jury trial on any or all issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985).

**Jury Instructions**

Hyundai contends that in four instances the Court's jury instructions were erroneous and prejudicial to Hyundai warranting a new trial. Hyundai first contends that the Court's obviousness instruction failed to inform the jury that a combination of a single piece of prior art and the knowledge of a person having ordinary skill in the art could render a patent obvious. Hyundai contends the following instruction was erroneous and prejudicial:

> Hyundai contends that the inventions claimed in the asserted claims of the '627 patent would have been obvious to a person of ordinary skill in the field of the invention at the time the invention was made in light of combinations of the

6

> following prior art:
>    1. The IDB 2000 System
>    2. The Reynolds & Reynolds PartsVision System
>    3. The Chrysler PAIS System
>    4. The Reynolds & Reynolds Acura EPC
>    5. Any combination of these (i.e.; 1 and 2; 1 and 3; 1 and 4; 2 and 3; 2 and 4; 1, 2 and 3; 1, 2 and 4; 1, 3 and 4; and 2, 3 and 4).
>
> If you find that Hyundai proved obviousness by clear and convincing evidence as to certain claims, then you must find that the claims are invalid for obviousness.

Charge of the Court (Docket No. 574) at 25–26. Nowhere in the Court's jury instructions did the Court tell the jury that obviousness is limited to only combinations of prior art. *Id.* at 21 ("Unlike anticipation, obviousness *may* be shown by considering more than one item of prior art. The question is, would it have been obvious for a skilled person who knew of the prior art to make the claimed invention?") (emphasis added); *id.* at 24 ("Obviousness requires a flexible and common-sense inquiry. Circumstances in which a finding of obviousness may be appropriate include, but are not limited to, the following . . . The claimed invention is merely a predictable variation of the prior art that can be implemented by a person having ordinary skill in the art."); *id.* at 25 ("When faced with a problem, this ordinarily skilled person is able to apply his or her experience and ability to the problem and also to look to any available prior art to help solve the problem."). In light of the instructions taken as a whole, the disputed instruction was not erroneous. Even if it was erroneous, Hyundai has failed to show that it was prejudicial as Hyundai did not even argue obviousness to the jury. Accordingly, the Court denies the motion for new trial on this ground.

Second, Hyundai contends that the Court erred in construing the term "electronically specifying." The Court stands by its prior construction and denies the motion on this ground.

Third, Hyundai contends that the Court's public/commercial use bar instruction failed to

7

inform the jury that any commercial use of the patentable invention, even if private, may be invalidating. The Court instructed the jury that

> The use of a product or process of a patented claim more than one year before the filing date of the application may be prior art to the patented claim. A prior use by someone other than the inventor or the patent owner is not prior art unless it was public. Private or secret knowledge or use by another is not prior art.
>
> In this case, Hyundai asserts that there were prior public uses of the inventions claimed in both the '627 patent and the '342 patent. In particular, Hyundai asserts that the Bell & Howell IDB2000 System, Clear With Computers' CASS Parts System, and the Reynolds and Reynolds Honda/Acura EPC System were publicly used more than one year before the effective filing date of the application for the '627 patent. Hyundai also asserts that the SoftAd Buick Dimension System, Ford Selection Center System, and SoftAd Ford SIM(II) were publicly used more than one year before the effective filing date of the application for the '342 patent.

Charge of the Court, Docket No. 574 at 16. Hyundai contends that the charge should have stated:

> The use of a product or process of a patented claim more than one year before the filing date of the application may be prior art to the patented claim. A prior use by someone other than the inventor or the patent owner is not prior art unless it was public. Private or secret knowledge or use by another is not prior art. *However, a prior use by the inventor or patent owner more than one year before the application filing date is prior art, if it was for commercial purposes, even if it was done in secret.*
>
> In this case, Hyundai asserts that there were prior public uses of the inventions claimed in both the '627 patent and the '342 patent. In particular, Hyundai asserts that the Bell & Howell IDB2000 System, Clear With Computers' CASS Parts System, and the Reynolds and Reynolds Honda/Acura EPC System were publicly used more than one year before the effective filing date of the application for the '627 patent. Hyundai also asserts that the SoftAd Buick Dimension System, Ford Selection Center System, and SoftAd Ford SIM(II) were publicly used more than one year before the effective filing date of the application for the '342 patent.

*See* Docket No. 644 at 14 (additional sentence is italicized).

Section 102(b) of the Patent Act provides that the issuance of a patent is barred by the public sale or use of the claimed invention more than a year before the patent application. 35 U.S.C. § 102(b); *Honeywell Int'l. Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 998 (Fed. Cir. 2007).

A prior use under section 102(b) requires that the alleged prior art be 1) accessible to public or commercially exploited and 2) ready for patenting. *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1380 (Fed. Cir. 2005). Whether the use of an invention was public "includes the consideration of evidence relevant to experimentation, as well as, inter alia, the nature of the activity that occurred in public; public access to the use; confidentiality obligations imposed on members of the public who observed the use; and commercial exploitation." *Id.* at 1382. While commercial exploitation is an indication of public use, it requires more than secret offers for sale. *Id.* at 1380. However, secrecy alone is not sufficient to rebut a public use bar or prove experimentation. *Id.* at 1382.

In *Invitrogen*, the Federal Circuit found that even though the patented invention, a type of *E. coli* cell, was used to create future products for general commercial benefit more than a year before patenting, the internal and secret use was not "public use" under section 102. *Id.* at 1382-83. Thus, an experimental use can negate an otherwise public use of the invention, even if that use is commercially beneficial. *See Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55, 66-68 (1998); *Motionless Keyboard Co. v. Microsoft Corp.*, 486 F.3d 1376, 1385 (Fed. Cir. 2007) (holding that a non-disclosure agreement coupled with use of the invention outside its normal course of business rebutted a claim of public use even though the disclosures were for commercial purposes).

Further, "experimental use . . . represents the counterpoint to commercial sale or public use. Assuming a complete invention, ready for patenting, inventors should be able to continue to privately develop any claimed aspect of that invention without risking invalidation, if they conduct development activities in a way that is neither public nor simply commercial, even if there is some commercial benefit to the inventor in connection with the experimental use." *Atlanta Attachment Co. v. Leggett & Platt, Inc.*, 516 F.3d 1361, 1369 (Fed. Cir. 2008) (Prost, J. concurring). Evidence

9

of experimentation or that a sale was not *primarily* for commercial purposes can be used to rebut either the "public use" or "ready for patenting" prongs of the section 102 bar. *Honeywell,* 488 F.3d at 996-8.

Given these principals, for an invention to be considered "prior art" for the purposes of the section 102(b) bar, more than a use for "commercial purposes" is required. *See Invitrogen*, 424 F.3d at 1382 (holding that a secrecy may rebut public use when there is no "commercial exploitation"). The test for public use "includes consideration of evidence relevant to experimentation, as well as, *inter alia*, the nature of the activity that occurred in public; public access to use; confidentiality obligations imposed on members of the public who observed the use, and commercial explotation." *Id.* at 1380. Hyundai's proffered instruction would erroneously lead the jury to believe that all public uses, as long as for commercial purposes and regardless of secrecy, would be invalidating prior art and was thus properly excluded. *See U.S. v. Klein*, 543 F.3d 206, 210 (5th Cir. 2008).

Additionally, even if the jury instruction was incorrect, Hyundai could not have been prejudiced by it. Hyundai argues that "[w]ith the additional sentence, however, it would be clear to the jury that the licensing of the invention by Johnson's company to Case IH was a 'use by the inventor or the patent owner,' and therefore did not need to be 'public' in the ordinary sense to fall within the public use bar." Docket No. 644 at 15–16. However, the Court's instruction on the on-sale bar would have applied to such a license.[1] *See* Docket No. 574 at 16–17. Further, Hyundai's own argument belies its prejudice. Hyundai contends that "the inventor's activities before the critical date—and particularly the inventor's contract with its customer, J.I. Case, to develop

---

[1] Hyundai cites The Federal Circuit Bar Association Model Patent Jury Instructions (2007) as support for its proposed instruction. However, those instructions also state, "Use this instruction only when prior knowledge or use under 35 U.S.C. § 102(a) is not at issue in the case." *See* Docket No. 644, Exhibit E, at 3.

10

software embodying the invention—were undertaken for commercial rather than experimental purposes." Docket No. 667 at 7. The public use bar requires that the invention be ready for patenting. *Invitrogen Corp.*, 424 F.3d at 1380. Thus, a contract to develop software embodying the invention—which necessarily implies such software does not already exist—could not be an invalidating public use. Accordingly, Hyundai's second ground for relief is overruled.

Finally, Hyundai argues the jury instruction identifying the '627 patent's critical date as November 10, 1988 improperly prevented the jury from considering evidence that the invention was on sale and in public use from November 10–13, 1988. The Court has already addressed this issue in its previous order. The Court denies this ground for relief.

**Damages Evidence**

Hyundai contends that the Court erroneously excluded dozens of litigation settlement license agreements that Hyundai offered for the limited purpose of supporting its expert's royalty analysis under the *Georgia-Pacific* factors. To support this exclusion, Hyundai cites to the transcript from the pretrial hearing, in which the Court granted Orion's motion in limine related to references to settlement or offers of settlement. *See* Docket No. 496 at 5 for entire motion in limine. In granting the motion in limine, the Court stated

> I'm going to grant the motion in limine, but that is not without prejudice to defendant approaching the bench if the door is opened during the testimony. I think the report is a bit fuzzy. I can see how it could interpreted a couple of different ways. I think we will wait until we hear what Mr. Davis has to say on the witness stand, but I will grant the motion in limine for that purpose. It is not a ruling on admissibility. I may well let you go into it if he opens the door.

Transcript April 26, 2007 Pretrial Hearing at 11:2–10 (attached to Docket No. 644 as Ex. K). The Court's ruling on the motion in limine did not exclude the evidence that Hyundai sought to offer.

As the Court stated when it ruled, "It is not a ruling on admissibility." *Id.* at 11:8–9. The ruling merely required Hyundai to approach the bench for going into the disputed evidence. Nowhere in Hyundai's motion does Hyundai point to where Hyundai approached the bench for a definitive ruling on the issue. Hyundai did make an offer of proof as to this evidence after both sides had rested,[2] but Hyundai did not actually attempt to admit this evidence to be considered by the jury. As the Court never excluded the evidence from the jury's consideration—because it was never presented with that definitive issue—Hyundai's motion on this ground is baseless.

**Verdict is Against the Weight of the Evidence**

Finally, Hyundai argues it is entitled to a new trial on the basis of the arguments it made in its motion for judgment as a matter of law. The Court has rejected those arguments, and the Court denies the motion on this ground.

### Hyundai's Motion to Stay Pending Re-Examination

Hyundai contends the judgment should be stayed pending a re-examination of the '627 patent by the Patent and Trademark Office ("PTO"). Hyundai is not a party to the re-examination.

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340,1341 (Fed. Cir. 1983). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3)

---

[2] *See* Transcript May 25, 2007 at 281:10–15, Docket No. 563.

whether discovery is complete and whether a trial date has been set. *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D. N.Y. 1999).

Granting a stay would unduly prejudice Orion. The parties have litigated this case to a verdict, and granting a stay would present a clear tactical disadvantage to Orion. Orion has an interest in pursuing the finality of the jury's verdict. Staying the case now would allow Hyundai to benefit from a second bite at invalidity, even though Hyundai had ample opportunity to present its invalidity case at trial.

As this case has already been tried to a verdict, a stay will not simplify the issues at trial. Further, the Court and the jury have already considered the '627 patent's validity *inter partes*. This consideration does not favor granting a stay.

This case is in the post-trial stage, and the Court has expended substantial resources in adjudicating the parties' issues. Both parties have also already invested a great deal of resources in trying this case. Judicial economy strongly favors denial of Hyundai's motion to stay.

Finally, Hyundai has recently submitted a notice that the claims at issue were initially rejected in the re-examination. This does not change the Court's analysis. It is not uncommon for claims to be initially rejected in the re-examination process. This first initial office action is merely the first of many steps in the re-examination process. Orion will have an opportunity to respond to the initial action, the PTO will then issue further office action(s), to which Orion will respond, and the PTO will eventually issue a final office action. If that action is adverse to Orion, Orion may appeal to the Board of Patent Appeals and Interferences and to the Federal Circuit. This process could take years. As Hyundai has already had an opportunity to show that the '627 patent is invalid, Orion's certain prejudice if the stay is continued pending the re-examination proceeding outweighs Hyundai's

13

speculative prejudice if the stay is not continued and the claims are eventually altered.

Accordingly, the Court denies Hyundai's motion to stay.

### Hyundai's Motion to Stay Execution on the Judgment

Hyundai indicates that it will post a bond pending appeal, entitling Hyundai to a stay of the judgment under Rule 62. Hyundai asks the Court to waive the bond requirement or reduce the bond requirement. The Court denies the motion but continues the current stay until 5 p.m. on January 5, 2009 to allow Hyundai to post bond if it desires to do so.

### CONCLUSION

Having denied Hyundai Motor America's ("Hyundai") Renewed Motion for Judgment as a Matter of Law (Docket No. 643), Hyundai's Motion for New Trial (Docket No. 644), Hyundai's Emergency Motion for a Temporary Stay of Execution and Emergency Motion to Stay Execution of the Judgment (Docket No. 645), and Hyundai's Conditional Motion to Stay Pending Patent Re-Examination (Docket No. 680), the Court's Final Judgment, entered April 9, 2008, stands. As stated, the Court continues the current stay until 5 p.m. on January 5, 2009 to allow Hyundai to post bond if it desires to do so.

**So ORDERED and SIGNED this 22nd day of December, 2008.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**